IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| REGENT COMMUNICATIONS, INC., et al.,[1] | Case No. 10-10632 (KG) |
| | Joint Administration Pending |
| Debtors. | |

**DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY FINANCIAL RESOURCE ASSOCIATES, INC. AS RESTRUCTURING CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

("FRA Retention Application")

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby apply to this Court (the "**Application**") for entry of an order pursuant to Sections 327(a) and 328(a) of title 11 of the United States Code, Rule 2014 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Regent Communications, Inc., a Delaware corporation (2857); B & G Broadcasting, Inc., a Delaware corporation (9111); Livingston County Broadcasters, Inc., an Illinois corporation (2024); Regent Broadcasting, LLC, a Delaware limited liability company (1632); Regent Broadcasting Management, LLC, a Delaware limited liability company (5451); Regent Broadcasting of Albany, Inc., a Delaware corporation (7566); Regent Broadcasting of Bloomington, Inc., a Delaware corporation (2658); Regent Broadcasting of Buffalo, Inc., a Delaware corporation (7815); Regent Broadcasting of Chico, Inc., a Delaware corporation (1263); Regent Broadcasting of Duluth, Inc., a Delaware corporation (9495); Regent Broadcasting of El Paso, Inc., a Delaware corporation (1469); Regent Broadcasting of Erie, Inc., a Delaware corporation (8859); Regent Broadcasting of Evansville/Owensboro, Inc., a Delaware corporation (9510); Regent Broadcasting of Flagstaff, Inc., a Delaware corporation (3259); Regent Broadcasting of Flint, Inc., a Delaware corporation (6474); Regent Broadcasting of Ft. Collins, Inc., a Delaware corporation (9503); Regent Broadcasting of Grand Rapids, Inc., a Delaware corporation (6790); Regent Broadcasting of Kingman, Inc., a Delaware corporation (3260); Regent Broadcasting of Lafayette, LLC, a Delaware limited liability company (5450); Regent Broadcasting of Lake Tahoe, Inc., a Delaware corporation (1261); Regent Broadcasting of Lancaster, Inc., a Delaware corporation (9505); Regent Broadcasting of Lexington, Inc., a Delaware corporation (0854); Regent Broadcasting of Mansfield, Inc., a Delaware corporation (6796); Regent Broadcasting Midwest, LLC, a Delaware limited liability company (5369); Regent Broadcasting of Palmdale, Inc., a Delaware corporation (5821); Regent Broadcasting of Peoria, Inc., a Delaware corporation (9348); Regent Broadcasting of Redding, Inc., a Delaware corporation (1262); Regent Broadcasting of San Diego, Inc., a Delaware corporation (3044); Regent Broadcasting of South Carolina, Inc., a Delaware corporation (3151); Regent Broadcasting of St. Cloud, Inc., a Delaware corporation (9265); Regent Broadcasting of St. Cloud II, Inc., a Minnesota corporation (6304); Regent Broadcasting of Utica/Rome, Inc., a Delaware corporation (1480); Regent Broadcasting of Watertown, Inc., a Delaware corporation (1476); Regent Broadcasting West Coast, LLC, a California limited liability company (8962); Regent Licensee of Chico, Inc., a Delaware corporation (1681); Regent Licensee of Erie, Inc., a Delaware corporation (8861); Regent Licensee of Flagstaff, Inc., a Delaware corporation (1677); Regent Licensee of Kingman, Inc., a Delaware corporation (9969); Regent Licensee of Lake Tahoe, Inc., a Delaware corporation (2685); Regent Licensee of Lexington, Inc., a Delaware corporation (5710); Regent Licensee of Mansfield, Inc., a Delaware corporation (8147); Regent Licensee of Palmdale, Inc., a Delaware corporation (1678); Regent Licensee of Redding, Inc., a Delaware corporation (1679); Regent Licensee of San Diego, Inc., a Delaware corporation (3036); Regent Licensee of South Carolina, Inc., a Delaware corporation (3136); Regent Licensee of St. Cloud, Inc., a Delaware corporation (9266); Regent Licensee of Utica/Rome, Inc., a Delaware corporation (1482); Regent Licensee of Watertown, Inc., a Delaware corporation (1477). The mailing address for Regent Communications Inc. is Regent Broadcasting Management, LLC, 100 E. RiverCenter Blvd., 9th Floor, Covington, KY 41011.

Procedure, and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, in substantially the form attached hereto as Exhibit A (the "**Order**"), authorizing the Debtors to retain and employ Financial Resource Associates, Inc. ("**FRA**") as restructuring consultants to the Debtors *nunc pro tunc* to the Petition Date (defined below). In support thereof, the Debtors respectfully state:[2]

## Jurisdiction

1. This Court has jurisdiction over the Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Sections 327(a), 328(a) and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("**Local Rules**").

## Background

3. On the date hereof (the "**Petition Date**"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no committees have been appointed or designated. Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these Chapter 11 Cases.

---

[2] The facts and circumstances supporting this Motion are set forth in the Declaration of Anthony A. Vasconcellos in Support of Chapter 11 Petitions and First Day Motions (the "**First Day Declaration**"), filed on the Petition Date (defined below).

4. A description of the Debtors' business, the reasons for commencing these Chapter 11 Cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 (including the facts and circumstances supporting this Motion) are set forth in the First Day Declaration filed contemporaneously with this Motion.

## Relief Requested

5. By this Application, the Debtors seek authorization, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules, to retain and employ FRA to perform the necessary services described hereinafter as restructuring consultants, *nunc pro tunc* to the Petition Date, on the terms set forth herein and in that certain engagement letter between the Debtors and FRA, dated as of February 9, 2010 (the "**Engagement Letter**"), attached hereto as Exhibit B.[3] Capitalized terms used but not defined herein shall have the meanings given to them in the Engagement Letter. In support of this Application, the Debtors submit the Declaration of Leonard Z. Eppel (the "**Eppel Declaration**") attached hereto as Exhibit C.

6. FRA is prepared to provide immediate assistance to the Debtors. The Debtors have selected FRA because of FRA's experience in matters of this character and its exemplary qualifications to perform the services required in this case. The retention and employment of FRA is in the best interests of creditors and the best interests of the estates.

## FRA's Qualifications

7. The Debtors selected FRA as their financial advisors in connection with the Chapter 11 Cases because of the firm's extensive experience and knowledge in the restructuring arena, including financial budgeting and forecasting, cash management, and operational

---

[3] In the event of any inconsistencies between the description of FRA's engagement with the Debtors in this Application and the terms of the Engagement Letter, the Engagement Letter shall control.

assessments and improvement, and its extensive experience advising companies in distressed situations and assisting them in negotiations with creditor constituencies and other parties in interest and developing plans of reorganization.

8. The Debtors also selected FRA based on its longstanding reputation in assisting companies through complex financial restructurings, including bankruptcy reorganizations, and its degree of success in a wide range of industries. FRA's past and current clients include Baldwin Piano, Mid Ohio Petroleum, Optical Dynamics, Pedia Med Pharmaceuticals, F&G Multi Slide, and Hamilton's Health Aid Services. Accordingly, the Debtors believes that FRA is well qualified to advise them in the Chapter 11 Cases. FRA's qualifications, including a description of its staffing and approach in providing services are more fully set forth in the Eppel Declaration attached hereto.

## Scope of FRA's Services

9. Pursuant to the terms of the Engagement Letter, the Debtors engaged FRA to provide advisory services, including advising and assisting management in (i) assisting the Debtors and their principals with the management preparation and planning necessary for preparation of necessary documents, evaluation and cash review considering various options; (ii) participate with the principals in meetings as required with its advisors, secured and trade creditors; (iii) participate as necessary in meetings with the bank regarding the Debtors' current debt; (iv) assist the Debtors with a review of current business plan and budget for the Debtors; (v) defer all legal matters to corporate counsel for advice and action necessary for the protection of the principals and the Debtors; (vi) defer all accounting matters to the accounting firm for review and handling as needed; (vii) cooperate fully with the principals, corporate counsel and accounting firm and (viii) other matters as requested and required.

10. It is presently anticipated that FRA will continue to provide the services set forth in the Engagement Letter and in Paragraph 9 therein.

11. Under the terms of the engagement letter, the Debtors' have agreed to (i) cooperate fully with FRA in its efforts by providing information on a timely basis; (ii) maintain an expense control program to maximize potential cash flow consistent with the pro forma; (iii) advise FRA and corporate counsel of any pending material legal matters as they develop; and (iv) identify and hold harmless FRA, its officers, directors and shareholders and any independent associates from any actions arising from the engagement.

12. The Debtors are submitting, concurrently on the date hereof, a separate application for the retention of Oppenheimer & Co. Inc. ("**OPCO**") as financial advisors and investment bankers. The Debtors will work with OPCO and FRA to avoid duplication of their work to the extent applicable.

### FRA's Disinterestedness

13. To the best of the Debtors' knowledge, information and belief, FRA is not related to or connected with and neither holds nor represents any interest adverse to the Debtors, their respective estates, their creditors, any other party in interest herein or their respective attorneys, or the United States Trustee or anyone employed in the Office of the United States Trustee in the matters for which FRA is proposed to be retained. FRA is connected with the Debtors by virtue of this engagement, as detailed above, and FRA may represent or have represented certain of the Debtors' creditors or other parties in interest herein, or interests adverse to such creditors or other parties in interest herein, in matters unrelated to these Chapter 11 Cases. Consequently, FRA is a "disinterested person," as that term is defined in Section 101(14) of the Bankruptcy Code and as required by Section 327(a) of the Bankruptcy Code. The Eppel Declaration, executed on behalf

of FRA in accordance with Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, is appended hereto and incorporated herein by reference. The Debtors' knowledge, information and belief regarding the matters set forth in this paragraph are based, and made in reliance, upon the Eppel Declaration. FRA informed the Debtors that it has undertaken a detailed search of available information as set forth below, to determine and to disclose whether it is performing or has performed services for any significant creditors, equity security holders or insiders in such unrelated matters.

14. FRA has indicated that it will promptly update the Eppel Declaration, disclosing any material developments regarding the Debtors or any other pertinent relationships that require disclosure in the above-referenced case, if and when any such developments or relationships come to FRA's attention.

### FRA's Proposed Compensation

15. FRA's compensation shall consist of the following:

   (a) <u>Rates</u> - FRA will charge standard hourly rates. The billing rates for professionals who may be assigned to this engagement, in effect as of February 9, 2010, are as follows:

   | | |
   |---|---|
   | Leonard Z. Eppel/Associates | $210 - $225 |
   | Administrative Services | $65 |

16. In addition, FRA will be reimbursed for out-of-pocket expenses, including, without limitation, travel costs. FRA will maintain detailed records of time spent and provide descriptions detailing such time in one-tenth hour intervals, and maintain records in support of any actual and necessary costs and expenses incurred in connection with the rendering of its services in this case.

17. The Debtors acknowledge and agree that the hours worked, the results achieved and the ultimate benefit to the Debtors of the work performed in connection with this

engagement may be variable and that the Debtors and FRA have taken this into account in setting the fees hereunder. No fee payable to any other person or entity by the Debtors or any other party shall affect any fee payable to FRA hereunder.

18. FRA understands and accepts that the terms of its employment must be approved by this Court and that the fees it will ultimately receive will be allowed by this Court and will depend, among other things, on the quality of its work. However, FRA would prefer to resolve at this time any objections, by this Court or other parties in interest, with respect to its billing practices, including its billing rates and methods of charging expenses. Accordingly, FRA has chosen to be very explicit in setting forth in the Eppel Declaration the terms and conditions of its employment, including its billing practices, and has requested that the Debtors seek this Court's approval of such matters contemporaneously with the filing of this Application.

19. The Debtors request that the approval of FRA's retention be approved *nunc pro tunc* to the Petition Date. The Debtors advised FRA that there was an immediate need for FRA to perform services for the Debtors as soon as reasonably practicable. The Debtors submit that these circumstances warrant *nunc pro tunc* approval.

20. FRA has received a prepetition retainer of $135,000.00 (the "**Retainer**"), against which certain prepetition amounts have been applied. Subject to Court approval, the remaining prepetition retainer will be applied to any outstanding invoices during FRA's retention.

21. The Debtors have agreed to indemnify FRA in accordance with the indemnification provisions set forth in the Engagement Letter (the "**Indemnification Provision**"). The Indemnification Provision is customary for restructuring consultants such as FRA for proceedings both out of court and in chapter 11. The Indemnification Provision was fully negotiated between the Debtors and FRA at arms-length, and the Debtors respectfully

submit that the Indemnification Provision, viewed in conjunction with the other terms of FRA's proposed retention, are reasonable and in the best interests of the Debtors, their estates, and their creditors.

## Notice

22. No trustee, examiner, or creditors' committee has been appointed in the Chapter 11 Cases. The Debtors have provided notice of this Motion to: (a) the United States Trustee for the District of Delaware; (b) counsel for administrative agent to the prepetition lenders; (c) counsel to Oaktree Capital Management, L.P.; (d) counsel for General Electric Capital Corporation; (e) the creditors listed on the Debtors' consolidated list of 30 largest unsecured creditors, as filed with the Debtors' chapter 11 petitions; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; and (h) the Federal Communications Commission. In light of the nature of the relief requested, the Debtors submit that no further notice is required or needed under the circumstances.

23. A copy of the Motion is available on the Court's website: www.deb.uscourts.gov. Additional copies of the Motion are available for free on the website of the Debtors' proposed claims, noticing, soliciting and balloting agent, Kurtzman Carson Consultants, at www.kccllc.net/regent or can be requested by calling 888-647-1726.

## No Prior Request

24. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter the Order, substantially in the form attached hereto as Exhibit A, (i) authorizing the Debtors to retain and employ FRA as restructuring consultants for the Debtors *nunc pro tunc* to the Petition Date and (ii) granting such other and further relief as this Court deems appropriate.

Dated: March 1, 2010
Cincinnati, Ohio

Respectfully Submitted,

REGENT COMMUNICATIONS, INC.

_____
Anthony A. Vasconcellos
Executive Vice President and Chief Financial Officer

On behalf of the other Debtors listed on Schedule 1 hereto:
Authorized Signatory

SCHEDULE I

Regent Communications, Inc.
B&G Broadcasting, Inc.
Livingston County Broadcasters, Inc.
Regent Broadcasting, LLC
Regent Broadcasting Management, LLC
Regent Broadcasting of Albany, Inc.
Regent Broadcasting of Bloomington, Inc.
Regent Broadcasting of Buffalo, Inc.
Regent Broadcasting of Chico, Inc.
Regent Broadcasting of Duluth, Inc.
Regent Broadcasting of El Paso, Inc.
Regent Broadcasting of Erie, Inc.
Regent Broadcasting of Evansville/Owensboro, Inc.
Regent Broadcasting of Flagstaff, Inc.
Regent Broadcasting of Flint, Inc.
Regent Broadcasting of Ft. Collins, Inc.
Regent Broadcasting of Grand Rapids, Inc.
Regent Broadcasting of Kingman, Inc.
Regent Broadcasting of Lafayette, LLC
Regent Broadcasting of Lake Tahoe, Inc.
Regent Broadcasting of Lancaster, Inc.
Regent Broadcasting of Lexington, Inc.
Regent Broadcasting of Mansfield, Inc.
Regent Broadcasting of Midwest, LLC
Regent Broadcasting of Palmdale, Inc.
Regent Broadcasting of Peoria, Inc.
Regent Broadcasting of Redding, Inc.
Regent Broadcasting of San Diego, Inc.
Regent Broadcasting of South Carolina, Inc.
Regent Broadcasting of St. Cloud, Inc.
Regent Broadcasting of St. Cloud II, Inc.

Regent Broadcasting of Utica/Rome, Inc.
Regent Broadcasting of Watertown, Inc.
Regent Broadcasting West Coast, LLC
Regent Licensee of Chico, Inc.
Regent Licensee of Erie, Inc.
Regent Licensee of Flagstaff, Inc.
Regent Licensee of Kingman, Inc.
Regent Licensee of Lake Tahoe, Inc.
Regent Licensee of Lexington, Inc.
Regent Licensee of Mansfield, Inc.
Regent Licensee of Palmdale, Inc.
Regent Licensee of Redding, Inc.
Regent Licensee of San Diego, Inc.
Regent Licensee of South Carolina, Inc.
Regent Licensee of St. Cloud, Inc.
Regent Licensee of Utica/Rome, Inc.
Regent Licensee of Watertown, Inc.