# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| REGENT COMMUNICATIONS, INC., *et al.*,[1] | Case No. 10-10632 (KG) |
| | Joint Administration Pending |
| Debtors. | Ref. Docket No. 14 |

## ORDER (I) SCHEDULING A HEARING TO CONSIDER APPROVAL OF THE DEBTORS' DISCLOSURE STATEMENT, (II) SCHEDULING A HEARING FOR CONFIRMATION OF THE DEBTORS' PLAN OF REORGANIZATION, (III) FIXING CERTAIN DATES RELATED THERETO AND (IV) APPROVING THE MANNER AND FORMS OF NOTICE THERETO

("Scheduling Order")

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Regent Communications, Inc., a Delaware corporation (2857); B & G Broadcasting, Inc., a Delaware corporation (9111); Livingston County Broadcasters, Inc., an Illinois corporation (2024); Regent Broadcasting, LLC, a Delaware limited liability company (1632); Regent Broadcasting Management, LLC, a Delaware limited liability company (5451); Regent Broadcasting of Albany, Inc., a Delaware corporation (7566); Regent Broadcasting of Bloomington, Inc., a Delaware corporation (2658); Regent Broadcasting of Buffalo, Inc., a Delaware corporation (7815); Regent Broadcasting of Chico, Inc., a Delaware corporation (1263); Regent Broadcasting of Duluth, Inc., a Delaware corporation (9495); Regent Broadcasting of El Paso, Inc., a Delaware corporation (1469); Regent Broadcasting of Erie, Inc., a Delaware corporation (8859); Regent Broadcasting of Evansville/Owensboro, Inc., a Delaware corporation (9510); Regent Broadcasting of Flagstaff, Inc., a Delaware corporation (3259); Regent Broadcasting of Flint, Inc., a Delaware corporation (6474); Regent Broadcasting of Ft. Collins, Inc., a Delaware corporation (9503); Regent Broadcasting of Grand Rapids, Inc., a Delaware corporation (6790); Regent Broadcasting of Kingman, Inc., a Delaware corporation (3260); Regent Broadcasting of Lafayette, LLC, a Delaware limited liability company (5450); Regent Broadcasting of Lake Tahoe, Inc., a Delaware corporation (1261); Regent Broadcasting of Lancaster, Inc., a Delaware corporation (9505); Regent Broadcasting of Lexington, Inc., a Delaware corporation (0854); Regent Broadcasting of Mansfield, Inc., a Delaware corporation (6796); Regent Broadcasting Midwest, LLC, a Delaware limited liability company (5369); Regent Broadcasting of Palmdale, Inc., a Delaware corporation (5821); Regent Broadcasting of Peoria, Inc., a Delaware corporation (9348); Regent Broadcasting of Redding, Inc., a Delaware corporation (1262); Regent Broadcasting of San Diego, Inc., a Delaware corporation (3044); Regent Broadcasting of South Carolina, Inc., a Delaware corporation (3151); Regent Broadcasting of St. Cloud, Inc., a Delaware corporation (9265); Regent Broadcasting of St. Cloud II, Inc., a Minnesota corporation (6304); Regent Broadcasting of Utica/Rome, Inc., a Delaware corporation (1480); Regent Broadcasting of Watertown, Inc., a Delaware corporation (1476); Regent Broadcasting West Coast, LLC, a California limited liability company (8962); Regent Licensee of Chico, Inc., a Delaware corporation (1681); Regent Licensee of Erie, Inc., a Delaware corporation (8861); Regent Licensee of Flagstaff, Inc., a Delaware corporation (1677); Regent Licensee of Kingman, Inc., a Delaware corporation (9969); Regent Licensee of Lake Tahoe, Inc., a Delaware corporation (2685); Regent Licensee of Lexington, Inc., a Delaware corporation (5710); Regent Licensee of Mansfield, Inc., a Delaware corporation (8147); Regent Licensee of Palmdale, Inc., a Delaware corporation (1678); Regent Licensee of Redding, Inc., a Delaware corporation (1679); Regent Licensee of San Diego, Inc., a Delaware corporation (3036); Regent Licensee of South Carolina, Inc., a Delaware corporation (3136); Regent Licensee of St. Cloud, Inc., a Delaware corporation (9266); Regent Licensee of Utica/Rome, Inc., a Delaware corporation (1482); Regent Licensee of Watertown, Inc., a Delaware corporation (1477). The mailing address for Regent Communications Inc. is Regent Broadcasting Management, LLC, 100 E. RiverCenter Blvd., 9th Floor, Covington, KY 41011.

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order (a) scheduling a hearing to consider the adequacy of the Debtors' Disclosure Statement and for approval of the solicitation procedures to be used in connection with the solicitation of votes on the Debtors' plan of reorganization, (b) scheduling a Confirmation Hearing, (c) fixing certain dates related to the Disclosure Statement Hearing and Confirmation Hearing and (d) approving the manner and forms of notice of the Disclosure Statement Hearing and Confirmation Hearing; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is GRANTED.

2. The Disclosure Statement Notice attached hereto as <u>Exhibit 1</u> is approved pursuant to Bankruptcy Rules 2002 and 3017.

3. The notice procedures provided in connection with the Disclosure Statement Hearing are reasonable and appropriate under the circumstances, and such notice procedures are adequate pursuant to Bankruptcy Rule 3017.

4. The Disclosure Statement Hearing shall be held on March 22, 2010 at 10:00 a.m. prevailing Eastern Time.

---

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

5. The Debtors or their solicitation agent shall serve upon the Debtors' creditors and parties in interest the notice of the Disclosure Statement and the Confirmation Hearing no later than March 5, 2010.

6. The Debtors or their solicitation agent shall arrange for publication of the notice of the Confirmation Hearing on or prior to March 5, 2010 in the national edition of <u>USA Today</u> or <u>The Wall Street Journal</u>.

7. Pursuant to Bankruptcy Rule 3020(b)(1), the deadline (the "**Disclosure Statement Objection Deadline**") for filing and serving objections to the adequacy of the Disclosure Statement ("**Disclosure Statement Objections**") shall be March 18, 2010 at 4:00 p.m. prevailing Eastern Time.

8. The Disclosure Statement Objections, if any, shall (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, (d) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection, and (e) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so as to be **actually received** by each of the following parties (the "**Notice Parties**") on or before the Disclosure Statement Objection Deadline:

  (a) <u>Counsel to the Debtors</u>, Latham & Watkins LLP, Suite 5800, 233 South Wacker Drive, Chicago, Illinois 60606 (Attn: Josef S. Athanas) and Young Conaway, Stargatt & Taylor LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Michael R. Nestor and Kara Hammond Coyle);

  (b) <u>Counsel to the Creditors' Committee</u>, Counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases;

(c) Counsel to General Electric Capital Corporation, Finn Dixon & Herling LLP, 177 Broad Street, Stamford, Connecticut 06901 (Attn: Tanyee Cheung);

(d) Counsel to Oaktree Capital Management, L.P, Kirkland & Ellis LLP, 300 N. LaSalle, Chicago, Illinois 60654 (Attn: David L. Eaton);

(e) The Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2313, Lockbox 35, Wilmington, Delaware 19801 (Attn: David Klauder); and

(f) Other Parties in Interest, All parties in interest who have filed a notice of appearance and/or requested service of pleadings pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases.

9. The Voting Record Date shall be March 18, 2010.

10. The Confirmation Hearing shall be held on April 9, 2010 at 10:00 a.m.

11. The deadline for filing and serving objections to the confirmation of the Plan ("**Confirmation Objections**") shall be April 2, 2010 at 4:00 p.m. prevailing Eastern Time (the "**Confirmation Objection Deadline**").

12. The Confirmation Hearing Notice attached hereto as Exhibit 2 is approved pursuant to Bankruptcy Rule 2002.

13. The Debtors shall provide the Confirmation Hearing Notice to all parties that received the Disclosure Statement Notice.

14. The Confirmation Objections, if any, shall (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, (d) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection, and (e) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so as to be **actually received** by each of the Notice Parties on or before the Confirmation Objection Deadline.

15. Administrative Claims, Priority Tax Claims, Other Priority Claims, Intercompany Claims, Statutory Fees, Claims in Class 1 (Other Secured Claims), Claims in Class 3 (General Unsecured Claims) and Equity Interests in Class 5 (Intercompany Interests) are deemed Unimpaired Claims and, thus, the Holders of such Unimpaired Claims are conclusively presumed to accept the Plan pursuant to Section 1126(f) of the Bankruptcy Code, and the Debtors are not required to solicit their vote with respect to such Unimpaired Claims.

16. The Debtors shall not be obligated to deliver Solicitation Packages or ballots to Holders of Unimpaired Claims. Rather, in lieu thereof and in accordance with Bankruptcy Rule 3017(d), the Debtors shall mail to the Holders of such Unimpaired Claims a notice, substantially in the form of Exhibit 3 attached hereto (the "**Unimpaired Claims Notice**").

17. Class 4 Claims (510(b) Claims) and Class 6 Equity Interests (Equity Interests) do not retain or receive any property under the Plan, and are, therefore, deemed to reject the Plan pursuant to Section 1126(g) of the Bankruptcy Code. Therefore, the Debtors are not required to send ballots or Solicitation Packages to holders of such Claims or Interests. Rather, in lieu thereof, and in accordance with Bankruptcy Rule 3017(d), the Debtors shall mail to the Holders of such Claims and Interests a notice, substantially in the form of Exhibit 4 attached hereto (the "**Non-Voting Status Notice**").

18. The service of the notices and documents described herein in the time and manner set forth in this Order constitutes adequate and sufficient notice of the Disclosure Statement Hearing and Confirmation Hearing and no further notice is necessary.

19. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

20. Notwithstanding any applicable Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entirety.

21. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

22. Copies of the Plan and Disclosure Statement and all pleadings and orders of the Bankruptcy Court are publicly available, for a fee via PACER at: http:/wwwdeb.uscourts.gov, or free of charge from the Voting and Claims Agent at http://www.kccllc.net/regent. Such documents and pleadings may also be obtained by: (i) calling the Debtors' restructuring hotline at (888) 647-1726; (ii) visiting the Debtors' restructuring website at: http://www.kccllc.net/regent; and/or (iii) writing to Regent Ballot Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Ave., El Segundo, CA 90245.

Dated: March 2, 2010
      Wilmington, Delaware

Kevin Gross
United States Bankruptcy Judge