IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REGENT COMMUNICATIONS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10632 (KG)<br><br>Jointly Administered |

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF ERNST & YOUNG LLP AS
TAX ADVISORS FOR THE DEBTORS AND DEBTORS IN POSSESSION PURSUANT
TO 11 U.S.C. § 327(a), *NUNC PRO TUNC* TO THE PETITION DATE**

("E&Y Retention Application")

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Regent Communications, Inc., a Delaware corporation (2857); B&G Broadcasting, Inc., a Delaware corporation (9111); Livingston County Broadcasters, Inc., an Illinois corporation (2024); Regent Broadcasting, LLC, a Delaware limited liability company (1632); Regent Broadcasting Management, LLC, a Delaware limited liability company (5451); Regent Broadcasting of Albany, Inc., a Delaware corporation (7566); Regent Broadcasting of Bloomington, Inc., a Delaware corporation (2658); Regent Broadcasting of Buffalo, Inc., a Delaware corporation (7815); Regent Broadcasting of Chico, Inc., a Delaware corporation (1263); Regent Broadcasting of Duluth, Inc., a Delaware corporation (9495); Regent Broadcasting of El Paso, Inc., a Delaware corporation (1469); Regent Broadcasting of Erie, Inc., a Delaware corporation (8859); Regent Broadcasting of Evansville/Owensboro, Inc., a Delaware corporation (9510); Regent Broadcasting of Flagstaff, Inc., a Delaware corporation (3259); Regent Broadcasting of Flint, Inc., a Delaware corporation (6474); Regent Broadcasting of Ft. Collins, Inc., a Delaware corporation (9503); Regent Broadcasting of Grand Rapids, Inc., a Delaware corporation (6790); Regent Broadcasting of Kingman, Inc., a Delaware corporation (3260); Regent Broadcasting of Lafayette, LLC, a Delaware limited liability company (5450); Regent Broadcasting of Lake Tahoe, Inc., a Delaware corporation (1261); Regent Broadcasting of Lancaster, Inc., a Delaware corporation (9505); Regent Broadcasting of Lexington, Inc., a Delaware corporation (0854); Regent Broadcasting of Mansfield, Inc., a Delaware corporation (6796); Regent Broadcasting Midwest, LLC, a Delaware limited liability company (5369); Regent Broadcasting of Palmdale, Inc., a Delaware corporation (5821); Regent Broadcasting of Peoria, Inc., a Delaware corporation (9348); Regent Broadcasting of Redding, Inc., a Delaware corporation (1262); Regent Broadcasting of San Diego, Inc., a Delaware corporation (3044); Regent Broadcasting of South Carolina, Inc. , a Delaware corporation (3151); Regent Broadcasting of St. Cloud, Inc., a Delaware corporation (9265); Regent Broadcasting of St. Cloud II, Inc., a Minnesota corporation (6304); Regent Broadcasting of Utica/Rome, Inc., a Delaware corporation (1480); Regent Broadcasting of Watertown, Inc., a Delaware corporation (1476); Regent Broadcasting West Coast, LLC, a California limited liability company (8962); Regent Licensee of Chico, Inc., a Delaware corporation (1681); Regent Licensee of Erie, Inc., a Delaware corporation (8861); Regent Licensee of Flagstaff, Inc., a Delaware corporation (1677); Regent Licensee of Kingman, Inc., a Delaware corporation (9969); Regent Licensee of Lake Tahoe, Inc., a Delaware corporation (2685); Regent Licensee of Lexington, Inc., a Delaware corporation (5710); Regent Licensee of Mansfield, Inc., a Delaware corporation (8147); Regent Licensee of Palmdale, Inc., a Delaware corporation (1678); Regent Licensee of Redding, Inc., a Delaware corporation (1679); Regent Licensee of San Diego, Inc., a Delaware corporation (3036); Regent Licensee of South Carolina, Inc., a Delaware corporation (3136); Regent Licensee of St. Cloud, Inc., a Delaware corporation (9266); Regent Licensee of Utica/Rome, Inc., a Delaware corporation (1482); Regent Licensee of Watertown, Inc., a Delaware corporation (1477). The mailing address for Regent Communications Inc. is Regent Broadcasting Management, LLC, 100 E. RiverCenter Blvd., 9th Floor, Covington, KY 41011.

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby apply to this Court (the "**Application**") for entry of an order (the "**Order**"), substantially in the form attached hereto as Exhibit A, authorizing the Debtors to employ and retain Ernst & Young, LLP ("**E&Y LLP**") as tax advisors to the Debtors in these Chapter 11 Cases pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), *nunc pro tunc* to the Petition Date. In support of this Application the Debtors submit the Affidavit in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Ernst & Young LLP as Tax Advisors for the Debtors and Debtors in Possession Pursuant to 11 U.S.C. § 327(a), *Nunc Pro Tunc* to the Petition Date (the "**Kujawa Affidavit**"), a copy of which is attached hereto as Exhibit B and incorporated herein by reference. In further support of this Application, the Debtors respectfully state as follows:[2]

### Jurisdiction

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Sections 327(a), 328(a) and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("**Local Rules**").

---

[2] The facts and circumstances supporting this Supplement are set forth in the Declaration of Anthony A. Vasconcellos in Support of Chapter 11 Petitions and First Day Motions (Docket No. 2) (the "**First Day Declaration**"), filed on the Petition Date (defined below).

## Background

3.  On March 1, 2010 (the "**Petition Date**"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no committees have been appointed or designated.

4.  A description of the Debtors' business, the reasons for commencing these Chapter 11 Cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 (including the facts and circumstances supporting this Application) are set forth in the First Day Declaration.

## Relief Requested

5.  By this Application, the Debtors seek entry of an order, pursuant to section 327(a) of the Bankruptcy Code, authorizing the Debtors to employ and retain E&Y LLP as tax advisors, *nunc pro tunc* to the Petition Date. E&Y LLP and the Debtors have entered into a master tax services agreement and two related statements of work, copies of which are attached to the Kujawa Affidavit as Exhibits A-1, A-2 and A-3, respectively, (and incorporated herein by reference) (collectively, the "**Engagement Letters**"), which break down the scope of the employment of E&Y LLP by project areas.

6.  The Engagement Letters describe the services that E&Y LLP anticipates performing for the Debtors in these Chapter 11 Cases and the terms and conditions of E&Y LLP's proposed engagement by the Debtors. The Debtors now seek authority to employ E&Y LLP in these cases on the terms set forth in the Engagement Letters.

7. The Debtors require the services of a seasoned and experienced tax advisor that is familiar with (i) the Debtors' businesses and operations and (ii) the chapter 11 process. In the course of performing services for the Debtors, E&Y LLP has developed a reserve of institutional knowledge related to, and an understanding of, the Debtors' businesses, finances, operations, systems and capital structure. Thus, the Debtors believe that E&Y LLP is well suited and uniquely qualified to serve as the Debtors' tax advisors in these Chapter 11 Cases.

8. The Debtors respectfully submit that the services of E&Y LLP are necessary to maximize the value of the Debtors' estates and to reorganize successfully. E&Y LLP has indicated a willingness to provide services to the Debtors pursuant to the terms of the Engagement Letters. Additionally, the Debtors will coordinate E&Y's services with those of other retained professionals in these bankruptcy cases to eliminate unnecessary duplication or overlap of work. The Debtors submit that the employment and retention of E&Y LLP would be in the best interest of the Debtors, their estates and their creditors.

## Services to Be Rendered

9. As set forth more fully in the Engagement Letters, E&Y LLP's services in connection with these Chapter 11 Cases will include both chapter 11 bankruptcy tax assistance ("**Chapter 11 Tax Services**") and tax compliance services ("**Tax Compliance Services**" and, collectively with the Chapter 11 Tax Services, the "**Tax Services**").[3] The Chapter 11 Tax Services will include the following:

- Assisting Client personnel in developing an understanding of the tax issues and options related to Client's Chapter 11 filing, taking into account Client's specific facts and circumstances, for US federal and state tax purposes;

---

[3] This summary is qualified in its entirety by reference to the provisions of the Engagement Letters. To the extent there is any discrepancy between the terms contained in this Application and those set forth in the Engagement Letters, the terms of the Engagement Letters shall control. Unless otherwise defined, capitalized terms used in this summary shall have the meanings ascribed to them in the Engagement Letters.

4

- Assisting and advising Client in developing and understanding of the tax implications of its bankruptcy restructuring alternatives and post-bankruptcy operations, including research and analysis of Internal Revenue Code sections, Treasury regulations, case law and other relevant tax authorities and assisting and advising in securing rulings from the internal Revenue Service or applicable state and local authorities;

- Understanding reorganization and/or restructuring alternatives Client is evaluating with its existing bondholders and other creditors that may result in a change in the equity, capitalization and/or ownership of the shares of Client or its assets;

- Preparing calculations ("**Section 382 Calculations**") and applying the appropriate federal, state and local tax law to historic information regarding changes in ownership of Client's stock to calculate whether any of the shifts in stock ownership may have caused an ownership change that will restrict the use of tax attributes (such as net operating loss, capital loss and credit carry forwards, and built-in-losses) and the amount of any such limitation;

- Tax advisory services regarding availability, limitations and preservation of tax attributes such as net operating losses, tax credits, stock and asset basis as a result of the application of the federal and state cancellation of indebtedness provisions, including the preparation of calculations to determine the amount of tax attribute reduction related to debt cancellation income;

- Tax advisory services regarding tax analysis and research related to acquisitions and divestitures, including tax return disclosure and presentation;

- Tax advisory services regarding tax analysis and research related to restructurings, including assistance regarding stock basis computations and formulating tax basis of assets and tax basis of subsidiary balance sheets;

- Analysis of the federal, state and local tax treatment (including tax return disclosure and presentation) governing the timing and deductibility of expenses incurred before and during the bankruptcy period, including bankruptcy costs, severance costs, interest and finance costs, legal and professional fees, and other costs incurred as Client rationalizes its operations;

- Analysis of the federal, state and local tax consequences of restructuring and rationalization of intercompany accounts;

- Analysis of the federal, state and local tax consequences of employee benefit plans, including, but not limited to, pension plans, deferred compensation arrangements, and equity award programs;

- Assistance with various tax issues arising in the ordinary course of business while in bankruptcy, including, but not limited to assistance with IRS and/or state and local tax examinations, sales and use tax issues, property tax issues, state and local income/franchise tax issues and employment tax issues;

- Tax advisory services regarding the validity and amount of bankruptcy tax claims or assessments, including, but not limited to, the following types of taxes: income taxes, franchise taxes, sales taxes, use taxes, employment taxes, and property taxes;

- Tax advisory services in support in securing tax refunds including but not limited to, the following types of taxes: income taxes, franchise taxes, sales taxes, use taxes, employment taxes, and property taxes;

- Assist Client with various property tax matters, including assisting Client with the evaluation and estimation, for property tax purposes, of the fair market values of assets, review of property tax assessments and claims assigned by the taxing authorities, and assisting Client with the evaluation of any assessments presented to Client by the taxing authorities; and

- Documentation, as appropriate or necessary, of tax analysis, opinions, recommendations, conclusions and correspondence for any proposed restructuring alternatives, bankruptcy tax issues, or other tax matter described above.

- Specific tasks that may be involved in connection with the Services include participation in meetings and telephone calls with Client, participating in meetings and telephone calls with taxing authorities and other third parties, review of transactional documentation, research of technical issues, and the preparation of technical memoranda, letters, e-mails, and other written documents.

The Tax Compliance Services will include the following:

- Preparation of Federal and state income and franchise tax returns for the year ended December 31, 2009.

- Preparation and review of federal consolidated tax return for Regent Communications, Inc. and its subsidiaries.

- Preparation and review of state and local income tax returns and Franchise Tax Returns for Regent Communications, Inc. and its subsidiaries.

- Preparation and review of federal, state, and local estimated tax returns and extension requests for Regent Communications, Inc. and its subsidiaries.

- Preparation and review of the quarterly (1st, 2nd, and 3rd) income tax provisions for 2010 and the annual income tax provision for 2009, maintenance of a schedule of temporary differences, and assistance in the preparation of the tax footnote for the annual report.

- Maintenance of tax calendar and a list of legal entities, to the extent E&Y LLP is aware of, their legal name, DBA, and federal/state EIN numbers and other pertinent information necessary to complete tax returns.

- General – E&Y LLP will respond to routine correspondence received from tax authorities with respect to tax returns. E&Y LLP will consult and attend periodic management meetings with Client personnel concerning the compliance function, and respond to routine questions from client personnel related to the corporate tax function. The estimated time per response to a tax notice is three hours. Time incurred in excess of three hours may be out of scope.

10. Copies of the Engagement Letters attached to the Kujawa Affidavit (and incorporated herein by reference) are submitted to this Court for approval and E&Y LLP's provision of the Services to the Debtors is contingent upon this Court's approval of each term and condition set forth in the Engagement Letters.

### Disinterestedness of Professionals

11. Based upon the Debtors' review of the Kujawa Affidavit, and subject to any exceptions disclosed or described therein, the Debtors believe that, to the best of the Debtors' knowledge, E&Y LLP (a) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, and (b) does not hold or represent an interest adverse to the Debtors' estate.

### Professional Compensation

12. Section 328 of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under

section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). E&Y LLP's proposed fee structure for the Services is set forth below.

13. Subject to this Court's approval and pursuant to the terms and conditions of the Engagement Letters, E&Y LLP intends to charge a fixed fee of $130,000 for the Tax Compliance Services rendered in these Chapter 11 Cases pursuant to the Engagement Letters.

Pursuant to the terms and conditions of the Engagement Letters, E&Y LLP intends to charge for any additional out-of-scope Tax Compliance Services rendered in these Chapter 11 Cases, based on the following discounted hourly rates:

| Rank/Level | Rate Per Hour |
| --- | --- |
| Partner/Tax Services Coordinator | $540 |
| Executive Director | $490 |
| Senior Manager | $430 |
| Manager | $310 |
| Senior | $220 |

14. Subject to this Court's approval and pursuant to the terms and conditions of the Engagement Letters, E&Y LLP intends to charge for any Chapter 11 Tax Services rendered in these Chapter 11 Cases pursuant to the Engagement Letters, based on its hourly rates for such services, which are currently as follows:

| Rank/Level | Rate Per Hour |
| --- | --- |
| National Partner/Principal | $600 |
| Executive Director/Principal/Partner | $525 |

| Senior Manager | $430 |
| --- | --- |
| Manager | $375 |
| Senior | $275 |
| Staff | $190 |

15. E&Y LLP's hourly rates are revised periodically in the ordinary course of E&Y LLP's business. E&Y LLP shall advise the Debtors of its new rates once they are established if a rate change is effective during the course of this engagement

16. The Debtors shall reimburse E&Y LLP for any direct expenses incurred in connection with E&Y LLP's retention in these cases and the performance of the Tax Services set forth in the Engagement Letters. E&Y LLP's direct expenses shall include, but not be limited to, reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations and other expenses (including any fees or reasonable expenses of E&Y LLP's legal counsel) specifically related to this engagement.

17. The Debtors believe the compensation arrangements provided for in the Engagement Letters are consistent with and typical of arrangements entered into by E&Y LLP and other accounting firms with respect to rendering similar services for clients such as the Debtors.

18. E&Y LLP intends to apply to this Court for payment of compensation and reimbursement of fees and expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware and orders of this Court, and pursuant to any additional procedures that may be or have already been established by this Court in these Chapter 11 Cases.

## Notice

19. No trustee, examiner, or creditors' committee has been appointed in the Chapter 11 Cases. The Debtors have provided notice of this Application to: (a) the United States Trustee for the District of Delaware; (b) counsel for administrative agent to the prepetition lenders; (c) counsel to Oaktree Capital Management, L.P.; (d) counsel for General Electric Capital Corporation, (e) the creditors listed on the Debtors' consolidated list of 30 largest unsecured creditors, as filed with the Debtors' chapter 11 petitions; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; and (h) the Federal Communications Commission. In light of the nature of the relief requested, the Debtors submit that no further notice is required or needed under the circumstances.

20. A copy of the Application is available on the Court's website: www.deb.uscourts.gov. Additional copies of the Application are available on the website of the Debtors' proposed claims, noticing, soliciting and balloting agent, Kurtzman Carson Consultants, at www.kccllc.net/regent or can be requested by calling 888-647-1726.

## No Prior Request

21. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order, in substantially the form attached hereto as Exhibit A, (i) authorizing the employment and retention of Ernst & Young LLP as tax advisors to the Debtors pursuant to 11 U.S.C. § 327(a), *nunc pro tunc* to the Petition Date, and (ii) granting such other and further relief as this Court deems appropriate.

Dated: March 5, 2010
Cincinnati, Ohio

Respectfully Submitted,

REGENT COMMUNICATIONS, INC.

_____
Anthony A. Vasconcellos
Executive Vice President and Chief Financial Officer

On behalf of the other Debtors listed on Schedule 1 hereto:
Authorized Signatory

## SCHEDULE I

Regent Communications, Inc.
B&G Broadcasting, Inc.
Livingston County Broadcasters, Inc.
Regent Broadcasting, LLC
Regent Broadcasting Management, LLC
Regent Broadcasting of Albany, Inc.
Regent Broadcasting of Bloomington, Inc.
Regent Broadcasting of Buffalo, Inc.
Regent Broadcasting of Chico, Inc.
Regent Broadcasting of Duluth, Inc.
Regent Broadcasting of El Paso, Inc.
Regent Broadcasting of Erie, Inc.
Regent Broadcasting of Evansville/Owensboro, Inc.
Regent Broadcasting of Flagstaff, Inc.
Regent Broadcasting of Flint, Inc.
Regent Broadcasting of Ft. Collins, Inc.
Regent Broadcasting of Grand Rapids, Inc.
Regent Broadcasting of Kingman, Inc.
Regent Broadcasting of Lafayette, LLC
Regent Broadcasting of Lake Tahoe, Inc.
Regent Broadcasting of Lancaster, Inc.
Regent Broadcasting of Lexington, Inc.
Regent Broadcasting of Mansfield, Inc.
Regent Broadcasting of Midwest, LLC
Regent Broadcasting of Palmdale, Inc.
Regent Broadcasting of Peoria, Inc.
Regent Broadcasting of Redding, Inc.
Regent Broadcasting of San Diego, Inc.
Regent Broadcasting of South Carolina, Inc.
Regent Broadcasting of St. Cloud, Inc.

Regent Broadcasting of St. Cloud II, Inc.
Regent Broadcasting of Utica/Rome, Inc.
Regent Broadcasting of Watertown, Inc.
Regent Broadcasting West Coast, LLC
Regent Licensee of Chico, Inc.
Regent Licensee of Erie, Inc.
Regent Licensee of Flagstaff, Inc.
Regent Licensee of Kingman, Inc.
Regent Licensee of Lake Tahoe, Inc.
Regent Licensee of Lexington, Inc.
Regent Licensee of Mansfield, Inc.
Regent Licensee of Palmdale, Inc.
Regent Licensee of Redding, Inc.
Regent Licensee of San Diego, Inc.
Regent Licensee of South Carolina, Inc.
Regent Licensee of St. Cloud, Inc.
Regent Licensee of Utica/Rome, Inc.
Regent Licensee of Watertown, Inc.