# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REGENT COMMUNICATIONS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10632 (KG)<br><br>Joint Administration Pending<br><br>**Related Document No. 23** |

## ORDER (A) APPROVING THE DISCLOSURE STATEMENT, (B) APPROVING PROCEDURES FOR SOLICITING, RECEIVING AND TABULATING VOTES ON THE PLAN AND FOR FILING OBJECTIONS TO THE PLAN, (C) APPROVING THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS AND (D) DEEMING HOLDERS OF EQUITY INTERESTS TO HAVE REJECTED THE PLAN AND FINDING THAT THE DEBTORS ARE NOT REQUIRED TO SOLICIT SUCH HOLDERS

("Solicitation Procedures Order")

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Regent Communications, Inc., a Delaware corporation (2857); B & G Broadcasting, Inc., a Delaware corporation (9111); Livingston County Broadcasters, Inc., an Illinois corporation (2024); Regent Broadcasting, LLC, a Delaware limited liability company (1632); Regent Broadcasting Management, LLC, a Delaware limited liability company (5451); Regent Broadcasting of Albany, Inc., a Delaware corporation (7566); Regent Broadcasting of Bloomington, Inc., a Delaware corporation (2658); Regent Broadcasting of Buffalo, Inc., a Delaware corporation (7815); Regent Broadcasting of Chico, Inc., a Delaware corporation (1263); Regent Broadcasting of Duluth, Inc., a Delaware corporation (9495); Regent Broadcasting of El Paso, Inc., a Delaware corporation (1469); Regent Broadcasting of Erie, Inc., a Delaware corporation (8859); Regent Broadcasting of Evansville/Owensboro, Inc., a Delaware corporation (9510); Regent Broadcasting of Flagstaff, Inc., a Delaware corporation (3259); Regent Broadcasting of Flint, Inc., a Delaware corporation (6474); Regent Broadcasting of Ft. Collins, Inc., a Delaware corporation (9503); Regent Broadcasting of Grand Rapids, Inc., a Delaware corporation (6790); Regent Broadcasting of Kingman, Inc., a Delaware corporation (3260); Regent Broadcasting of Lafayette, LLC, a Delaware limited liability company (5450); Regent Broadcasting of Lake Tahoe, Inc., a Delaware corporation (1261); Regent Broadcasting of Lancaster, Inc., a Delaware corporation (9505); Regent Broadcasting of Lexington, Inc., a Delaware corporation (0854); Regent Broadcasting of Mansfield, Inc., a Delaware corporation (6796); Regent Broadcasting Midwest, LLC, a Delaware limited liability company (5369); Regent Broadcasting of Palmdale, Inc., a Delaware corporation (5821); Regent Broadcasting of Peoria, Inc., a Delaware corporation (9348); Regent Broadcasting of Redding, Inc., a Delaware corporation (1262); Regent Broadcasting of San Diego, Inc., a Delaware corporation (3044); Regent Broadcasting of South Carolina, Inc., a Delaware corporation (3151); Regent Broadcasting of St. Cloud, Inc., a Delaware corporation (9265); Regent Broadcasting of St. Cloud II, Inc., a Minnesota corporation (6304); Regent Broadcasting of Utica/Rome, Inc., a Delaware corporation (1480); Regent Broadcasting of Watertown, Inc., a Delaware corporation (1476); Regent Broadcasting West Coast, LLC, a California limited liability company (8962); Regent Licensee of Chico, Inc., a Delaware corporation (1681); Regent Licensee of Erie, Inc., a Delaware corporation (8861); Regent Licensee of Flagstaff, Inc., a Delaware corporation (1677); Regent Licensee of Kingman, Inc., a Delaware corporation (9969); Regent Licensee of Lake Tahoe, Inc., a Delaware corporation (2685); Regent Licensee of Lexington, Inc., a Delaware corporation (5710); Regent Licensee of Mansfield, Inc., a Delaware corporation (8147); Regent Licensee of Palmdale, Inc., a Delaware corporation (1678); Regent Licensee of Redding, Inc., a Delaware corporation (1679); Regent Licensee of San Diego, Inc., a Delaware corporation (3036); Regent Licensee of South Carolina, Inc., a Delaware corporation (3136); Regent Licensee of St. Cloud, Inc., a Delaware corporation (9266); Regent Licensee of Utica/Rome, Inc., a Delaware corporation (1482); Regent Licensee of Watertown, Inc., a Delaware corporation (1477). The mailing address for Regent Communications Inc. is Regent Broadcasting Management, LLC, 100 E. RiverCenter Blvd., 9th Floor, Covington, KY 41011.

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (the "**Debtors**") for entry of an order, pursuant to 11 U.S.C. §§ 105(a), 1125, and 1126 and Rules 2002, 3003, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure, (a) approving the Disclosure Statement, approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan, (c) approving the manner and forms of notice and other related documents, (d) deeming holders of Equity Interests to have rejected the Plan and finding that the Debtors are not required to solicit such holders and (e) granting other relief relating thereto as set forth herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estate, its creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.  The Disclosure Statement contains adequate information within the meaning of Section 1125 of the Bankruptcy Code.

B.  The form of the ballot attached hereto as <u>Exhibit 1</u> (the "**Ballot**") (i) is sufficiently consistent with Official Form No. 14, (ii) adequately addresses the particular needs of these Chapter 11 Cases and (iii) is appropriate for the class of Claims entitled under the Plan to vote to accept or reject the Plan.

---

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

C. The time period set forth below during which the Debtors may solicit votes on the Plan is a reasonable period of time for creditors to make an informed decision as to whether to accept or reject the Plan.

D. The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with Section 1126 of the Bankruptcy Code.

E. The procedures set forth below regarding the Confirmation Hearing Notice and the contents of the Solicitation Package comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is granted in its entirety.

## I. Approval of the Disclosure Statement

2. Pursuant to Bankruptcy Rule 3017(b), the Disclosure Statement is approved as containing adequate information within the meaning of Section 1125(a) of the Bankruptcy Code, and the Debtors are authorized to distribute the Disclosure Statement and Solicitation Package in order to solicit votes on, and pursue confirmation of, the Plan.

3. The notice and objection procedures provided in connection with the Disclosure Statement Hearing were reasonable and appropriate under the circumstances, and such notice and objection procedures were adequate pursuant to Bankruptcy Rule 3017.

## II. Confirmation Hearing and Objections

4. The Confirmation Objections, if any, shall (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, (d) state with

DB02:9370707.1
CH\1152010.4

3

069016.1001

particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection, and (e) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so as to be **actually received** by each of the following parties (the "**Notice Parties**") on or before the Confirmation Objection Deadline, as set forth in the Scheduling Order:

(a) <u>Counsel to the Debtors</u>, Latham & Watkins LLP, Suite 5800, 233 South Wacker Drive, Chicago, Illinois 60606 (Attn: Josef S. Athanas) and Young Conaway, Stargat & Taylor LLP, 1000 West Street, 17th Floor, Wilmingon, Delaware 19801 (Attn: Michael R. Nestor and Kara Hammond Coyle);

(b) <u>Counsel to the Creditors' Committee</u>, Counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases;

(c) <u>Counsel to General Electric Capital Corporation</u>, Finn Dixon & Herling LLP, 177 Broad Street, Stamford, Connecticut 06901 (Attn: Tanyee Cheung);

(d) <u>Counsel to Oaktree Capital Management, L.P</u>, Kirkland & Ellis LLP, 300 N. LaSalle, Chicago, Illinois 60654 (Attn: David L. Eaton);

(e) <u>The Office of the United States Trustee for the District of Delaware</u>, 844 King Street, Suite 2313, Lockbox 35, Wilmington, Delaware 19801 (Attn: David Klauder); and

(f) <u>Other Parties in Interest</u>. All parties in interest who have filed a notice of appearance and/or requested service of pleadings pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases.

## III. **Approval of Solicitation Procedures**

### A. Duties of Balloting Agent

5. The Balloting Agent shall assist the Debtors in, among other things, (a) mailing Confirmation Hearing Notices to holders of claims in Non-Voting Classes and other non-voting parties entitled to notice, (b) mailing Solicitation Packages, (c) soliciting votes on the Plan, (d) receiving, tabulating, and reporting on ballots cast for or against the Plan by holders of claims against the Debtors, (e) responding to inquiries from creditors and stakeholders relating to the Plan, the Disclosure Statement, the ballots and matters related thereto, including, without

limitation, the procedures and requirements for voting to accept or reject the Plan and objecting to the Plan and (f) if necessary, contacting creditors regarding the Plan and their ballots.

B.   Ballot

6. The form of Ballot, attached hereto as Exhibit 1, to be used in connection with the solicitation of votes on, and confirmation of, the Plan is hereby approved in full.

C.   Content and General Transmittal of Solicitation Packages; Notice of Confirmation Hearing

7. The Debtors are authorized to transmit, or cause to be transmitted, on or before the Solicitation Mailing Date set forth in the Scheduling Order, to the persons listed below, subject to the limitations contained therein and elsewhere in this Order, by United States mail, first-class postage prepaid, personal service, electronic mail, facsimile or overnight delivery, a solicitation package (the "**Solicitation Package**") on a compact disk or containing a copy or conformed printed version of the following:

   1) the Confirmation Hearing Notice;

   2) the Disclosure Statement;

   3) the Plan (which may be furnished in the Solicitation Package as Exhibit A to the Disclosure Statement);

   4) the Solicitation Procedures Order (without exhibits attached);

   5) a cover letter attached hereto as Exhibit 2 from the Debtors describing the contents of the Solicitation Package and instructions on how paper copies of any materials that may be provided in CD-ROM format can be obtained at no charge; and

   6) to the extent applicable, a ballot and/or notice, appropriate for the specific creditor, in substantially the forms attached to this Solicitation Procedures Order (as may be modified for particular classes and with instruction attached thereto).

8. The Debtors shall provide copies of the Solicitation Package (other than a ballot) to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for

administrative agent to the prepetition lenders; (c) counsel to Oaktree Capital Management, L.P.; (d) counsel for General Electric Capital Corporation, (e) the creditors listed on the Debtors' consolidated list of 30 largest unsecured creditors, as filed with the Debtors' chapter 11 petitions; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Federal Communications Commission; and (j) all parties that have filed requests for notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of mailing the Solicitation Package.

9. Publication of the Confirmation Hearing Notice as described herein shall constitute sufficient notice of the Confirmation Hearing to persons who do not otherwise receive notice by mail as provided for in this Order.

D. <u>Treatment of Class 6 Equity Interests</u>

10. The holders of Class 6 Equity Interests are be deemed to have rejected the Plan.

11. The holders of Class 6 Equity Interests have been provided with sufficient notice of the Plan and the Confirmation Hearing and a sufficient opportunity to object to confirmation of the Plan. The Debtors are not required to solicit the votes of holders of Class 6 Equity Interests.

V. **<u>Voting Deadline and Procedures for Vote Tabulation</u>**

12. The Voting Deadline is the last date and time by which ballots for accepting or rejecting the Plan must be received by the Balloting Agent in order to be counted.

13. Any timely received ballot that contains sufficient information to permit the identification of the claimant and is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.

14. None of the Debtors, the Balloting Agent or any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification. The Balloting Agent may either disregard, with no further notice, defective Ballots, or it may attempt to have defective Ballots cured.

15. The following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

  a) Any ballot received after the Voting Deadline unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such ballot;

  b) Any ballot that is illegible or contains insufficient information to permit the identification of the claimant;

  c) Any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

  d) Any ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

  e) Any unsigned ballot;

  f) Any ballot sent to this Court, the Debtors, the Debtors' agents/representatives (other than the Balloting Agent), any indenture trustee, or the Debtors' financial or legal advisors; or

  g) Any ballot not cast in accordance with the procedures approved in the Solicitation Procedures Order.

16. Any duplicate ballot will only be counted once.

17. Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots are cast which attempt to vote the same claim prior to the Voting Deadline, the last ballot received by the Balloting Agent prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior ballots, _provided, however,_ that where an ambiguity exists as to

which ballot was the latest mailed, the Balloting Agent reserves the right to contact the creditor and calculate the vote according to such voter's stated intent. This procedure is without prejudice to the Debtors' right to object to the validity of the second ballot on any basis permitted by law and, if the objection is sustained, to count the first ballot for all purposes.

V. **Miscellaneous**

18. Claims splitting is not permitted and creditors who vote must vote all of their Claims within a particular class to either accept or reject the Plan; provided, however, that, the Prepetition Lenders' rights to vote any deficiency claim they may hold in connection with a plan or restructuring transaction other than the Plan is preserved.

19. Subject to the consent of the Requisite Consenting Lenders (if required by the Restructuring Support Agreement), the Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, the ballots, the Non-Voting Status Notices and related documents without further order of this Court, including, without limitation, changes to correct typographical and grammatical errors, insert dates and to make conforming changes among the Disclosure Statement, the Plan, the ballot, the Non-Voting Status Notices and any other materials in the Solicitation Package prior to mailing.

20. The service of Solicitation Packages and other notices and documents described herein in the time and manner set forth in this Order constitutes adequate and sufficient notice of the Confirmation Hearing and no further notice is necessary.

21. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

22. Notwithstanding any applicable Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entirety.

23. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

24. Copies of the Plan and Disclosure Statement and all pleadings and orders of the Bankruptcy Court are publicly available, for a fee via PACER at: http:/wwwdeb.uscourts.gov, or free of charge from the Balloting Agent at http://www.kccllc.net/regent. Such documents and pleadings may also be obtained by: (i) calling the Debtors' restructuring hotline at (888) 647-1726; (ii) visiting the Debtors' restructuring website at: http://www.kccllc.net/regent; and/or (iii) writing to Regent Ballot Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Ave., El Segundo, CA 90245.

Dated: MARCH 22, 2010
Wilmington, Delaware

HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE